Van Vorst, J. (concurring)
By the contract, *258 under which the merchandise in question was delivered by the plaintiffs, and received by the defendant’s company, to be carried, it was not absolutely required in terms that the shipper should disclose the value, but it was agreed that, if the value of the property is not stated by the shipper, the holder of the contract should not demand of the defendant a sum exceeding fifty dollars for the loss or detention of, or damage to, the property.
It has been adjudicated in this action, by the court of appeals, that the exemption from liability for the full value does not apply, although the value be not stated, if the goods were lost through the negligence of the defendants’ company. That the company has not contracted for exemption from the consequences of its own negligence. That the package was lost through the negligence of the defendant’s company has been established by the verdict of the jury.
It is now claimed by the defendant that the failure to disclose the value is a fraud in law, practiced by the shipper on the carrier, and should prevent a recovery to any amount, or, if a recovery be had, it should not exceed fifty dollars. That there was neither actual fraud nor concealment practiced, in the way the parcel; was delivered for transmission, is established by the verdict, under the judge’s charge. And it would seem, under the decision of the court of appeals, that the consequences of a failure to disclose the value do not apply to a case of negligence on the carrier’s part. Such determination would seem substantially to involve the questions now raised ; but, as it is urged by the appellant’s.counsel, that the ground now assumed by him, and taken on the last trial, was not taken iff the court of appeals, we are called upon to examine this question upon this appeal. It appears by the evidence, referred to by the appellant's counsel,, as bearing upon this point, that had the value been'dis *259 closed, the charge for transportation would have been much greater than that actually entered and marked upon the package, and that the merchandise would have been intrusted by the defendant’s company to a special messenger, and that greater care would have been taken under the rules of the company, for the safety of the package.
It does not appear affirmatively, by positive evidence, that the shipper had actual knowledge of either of the'facts above stated.
But the appellant claims that it is to be reasonably inferred that he had such knowledge, from the fact that he had frequently, before the shipment in question, shipped merchandise by the defendant’s company, and knowledge of its rules should be presumed. The fact that they had previously shipped merchandise through its agency, would not necessarily imply knowledge, in the plaintiffs, of the internal arrangements and precautions of the defendant’s company, in their business, to secure the safety of the articles carried.
It might, however, be inferred, without evidence to the contrary, that they knew that the tariff of charges would depend upon the value of packages, as the valué was sometimes stated.
But if material, when a question of fraud is involved, knowledge of facts, to justify a conclusion of fraud, should not be left to mere inference. Fraud is never presumed, but must be proved. And besides, the clerk of the plaintiffs, who left the package in question for carriage, and who had intrusted previous parcels for the same purpose, says he did not know that there was any difference in rates, and that the package in question was delivered in the usual way.
The freight, on the package in question, was not. paid at the time it was delivered for carriage, and was to be collected from the consignee when the service was completed.
*260 The contract in question was prepared by the defendants’ company, and signed by its agent, and was tendered to and accepted by the plaintiffs. It then became the contract of the parties.
The parties have therefore fixed in writing the terms and conditions upon which the service of the carrier was to be rendered, and declared their respective rights and liabilities in regard to the subject-matter.
The*parties have agreed upon the character, consequences, and effect of a non-disclosure of the value, at the time of shipment.
Such non-disclosure substantially casts upon the shipper, and every holder of the contract, the consequences of the loss of the package, during its carriage, to a certain limit. It also exempted the carrier from liability beyond the same "amount.
The contract does not state that the failure to disclose the value should be deemed a fraud, or work a rescission of the contract, or release the defendant’s company from all liability.
The parties having, therefore, acted upon the subject-matter, and their minds having met, as to the consequences of a failure to disclose the value, no other effect or character should be given to such omission, in the absence of any fraudulent misrepresentation or concealment, other than the parties have, by writing, agreed.
Nor should an omission which was contemplated might occur, and was provided for, be judged absolutely fraudulent, which the parties have agreed might be otherwise regarded, and be compensated for by exemption, of the person affected, from a degree of liability which would otherwise attach. Under such a contract, each party takes a certain amount of risk, by which they should be held,—the shipper, in omitting to state the value ; the carrier, by entering on the service when the value is not stated.
*261 And in such case, since it has been decided by the court of appeals that the carrier has not contracted for immunity from the consequences of his negligence, he must take the hazard if he fails to use, or relaxes any care in respect to the carriage of a package, made up and presented under the circumstances and conditions of the one in question, which, if used, might have secured its ultimate safety.
But the counsel for the defendant urges that, outside the contract, there was such fraudulent non-disclosure of facts as should prevent a recovery for any sum.
No act can be called fraudulent, in any true sense, unless it involves a breach of some duty. Some acts and omissions are, by statute, declared to be fraudulent ; others, to be evidence of fraud. In cases when they are evidence of fraud, the intent is to be submitted to the determination of the jury, as to whether the acts were fraudulently done or omitted.
At common law, the shipper was not obliged, in the first instance, unless asked, to disclose either the nature of the contents of the package he would have carried, -or its value.
But any fraud, concealment, misrepresentation, or artifice by which the carrier was deceived, or deprived of his reward, would prevent a recovery. Good faith was required.
In not stating the value, or disclosing the contents, when no deceptive artifice or concealment was used, he was not guilty of a fraud.
If the value was demanded, however, he was called upon to answer truly.
Dinsmore, a witness for the defendant, stated on the trial that it was his custom, in all instances, to demand the value from persons presenting packages for carriage, and that he did so in this instance, and that the value was not given. He testifies from his uniform custom.
*262 And yet the defendant’s.company, with knowledge of the omission, accepted the package, and entered upon their duty as carriers.
It is not necessary to inquire whether an acceptance, under such circumstances, is not a waiver of the omission, as the fact of a demand of the value being made is positively denied by the clerk of plaintiffs, who delivered the package for carriage. He says no questions were asked, and that the package was delivered in the manner he had delivered others.
Upon such a direct conflict in the evidence, as to whether or not the value was asked, and whether there was a fraudulent omission to disclose the same, were not questions of law, but were proper to be submitted to and passed upon by the jury, in connection with the other facts and circumstances bearing upon the questions involved.
An examination of the proceedings upon the trial satisfies me that there was no error in the refusal of the judge to charge as requested by the defendant’s counsel.
And there was no such error in the rulings and decisions made upon the trial as would justify a reversal of the judgment.
I concur with Judge Freedman, for the reasons assigned by him, and for those above stated, that the judgment should be affirmed, with costs.
Speie, J., concurs in the foregoing opinions.